A04A2242. DOE v. METROPOLITAN ATLANTA RAPID TRANSIT AUTHORITY.
(611 SE2d 704)

BARNES, Judge.

Following a brutal attack at the Metropolitan Atlanta Rapid Transit Authority's (MARTA) Lindbergh Station, where she was beaten, put in the trunk of her car, and kidnapped, Jane Doe filed a personal injury action alleging among other things that MARTA was negligent for "failing to keep its premises safe and failing to provide adequate security." Following discovery, MARTA filed a motion for summary judgment on all counts of Doe's claims resulting from the attack. The trial court denied the motion on the liability issues, but granted MARTA's motion on the issue of punitive damages. MARTA

obtained a certificate of immediate review, and filed an application for an interlocutory appeal, which was denied. Doe, subsequently, filed a direct appeal of the grant of summary judgment to MARTA on the punitive damages claims.

In granting MARTA's summary judgment motion on the issue of punitive damages, the trial court noted that:

> If ever there were facts that could support a punitive damages case, they would be found here. In this case, the Court discerns a parallel between MARTA's level of security at its stations, which are based on economics, and the unsafe vehicles and equipment put on the roads by major automobile manufacturers because it would "cost too much" to make the vehicles and equipment safe. These companies have made safety and lives merely [a] cost of doing business. Customer risk is made an economic, not humanitarian, concern. This should not be so.

But, as the trial court correctly held, under *MARTA v. Boswell*, 261 Ga. 427 (405 SE2d 869) (1991), "public policy demands that MARTA not be subject to awards of punitive damages, since such awards would seriously damage the public interest." Id.

Doe argues that the "trial court erred in holding that punitive damages could not be awarded against Appellee MARTA, despite overwhelming evidence that Appellee MARTA acted willfully, wantonly and with conscious indifference in disregarding the safety of its patrons in violation of the public policy interests of protecting the safety of our citizens."

Despite the heinous facts of this case, the disposition proposed by Doe cannot be adopted because it conflicts with the Supreme Court's decision in *Boswell*, and under our law we cannot overrule, modify, or deviate from our Supreme Court's decisions. "The decisions of the Supreme Court shall bind all other courts as precedents." Ga. Const. of 1983, Art. VI, Sec. VI, Par. VI.

Accordingly, because the issue is controlled by *Boswell*, supra, the trial court did not err in granting summary judgment to MARTA on Doe's claim for punitive damages. See *Ballard v. MARTA*, 200 Ga. App. 880 (410 SE2d 49) (1991).

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED MARCH 4, 2005 — ■

*Michele L. Stumpe*, for appellant.

*Thomas, Kennedy, Sampson & Patterson, Thomas G. Sampson, Jeffrey E. Tompkins, Miriam D. Lancaster*, for appellee.